## DANIEL *et al. v.* FINN, GARRETT & HOLCOMB.

PER CURIAM. Finn, Garrett & Holcomb filed a petition against W. C. Daniel et al., and prayed for an injunction against the cutting of timber on what was called an " island " in the northeast corner of land lot No. 308 in the 17th district of Laurens County, described as " containing 350 acres, more or less, and bounded as follows: north by Turkey Creek; east by B. A. Hooks; south by W. B. McLendon's lands and others, and west by Mary Bird." The plaintiffs claimed title by reason of seven years possession under a deed from W. S. Samuels, dated October 8, 1912. The issue between plaintiff and defendant only brought into dispute the north line of lot No. 308, the description showing the north boundary as " Turkey Creek," and that the tract contained 350 acres. The court directed a verdict for the plaintiffs. The defendant filed a motion for new trial on the general grounds, and amended the same by assigning error on the direction of the verdict, and on the ruling of the court refusing to allow defendant to introduce in evidence the plat and grant of the State and a deed from James M. Finn to William Bales, both describing said lot 308 as a fractional lot containing 193-3/4 acres. The court overruled the motion for a new trial, and the defendant excepted. *Held:*

1. The court erred in refusing to admit in evidence " the original plat of lot of land No. 308 in the 17th land district, which is attached to the original grant from the State of Georgia, showing that the survey was made in the year 1806, showing it to be a fractional lot cut off at one corner by Palmetto Creek. The grant is dated the 20th day of June 1807, a copy of said plat being attached and marked exhibit ' A.' " The issue between the parties was whether the tract of land on which the timber was cut, and which was called " the island," was within the description of the tract of land purchased by plaintiffs and included in their deed. The dispute as to the lines of plaintiff's land was only as to the north boundary, the description showing this boundary as " Turkey Creek." There was evidence tending to show that there were two streams of water to the north of plaintiff's land, both known by the name of Turkey Creek. There was also other evidence that the southernmost of these streams was called a " lagoon," and there was other evidence that the stream was originally called Palmetto Creek. The plat and grant from the State offered by the defendant was a circumstance tending to corroborate the defendant's contention. The grant described the lot 308 as a

fractional lot of land containing 193-3/4 acres, and the plats show that a portion of the lot on the northeast corner was cut off by Palmetto Creek.

2. The court erred in refusing to admit in evidence a deed from James M. Finn to William Bales, dated October 14, 1905, conveying the lot of land in question, and describing the same as " containing 193-3/4 acres." Plaintiff's paper title was from W. S. Samuels, who derived his title from William Bales; and therefore the deed to Bales, reciting that it contained 193-3/4 acres, was admissible in evidence as tending to corroborate the defendant's contention.

3. Since the case is remanded for another trial because of the rulings made in the preceding headnotes, we make no ruling upon the sufficiency of the evidence to authorize direction of a verdict. However, in view that it may aid counsel in complying with the rule in regard to making briefs of evidence, we call attention to the fact that much of the brief of evidence is unintelligible, because of the reference to maps and plats by the words in parenthesis " indicating " or " indicating on map." There are numerous expressions to the effect that the witness " indicated " on the map or plat, but what was " indicated " is not shown to this court. We also call attention again to the fact that colloquies between counsel and remarks of the court should not be included in the brief of evidence. The rulings of the court and the objections made by counsel should be plainly and briefly stated in the ground of the motion for new trial where error is assigned.　　　*Judgment reversed. All the Justices concur.*

No. 3486. SEPTEMBER 8, 1923.

Equitable petition. Before Judge Kent. Laurens superior court. September 16, 1922.

*Roger D. Flynt,* for plaintiffs in error.

*Adams, Camp & Youmans,* contra.